**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RENARD E. OLIVER,

      Plaintiff-Appellant,

v.

STATE OF OKLAHOMA,

      Defendant,

and

BILL R. WEAVER, II; VANCE W.
ALLEN; J.D. SHARP,

      Defendants-Appellees.

No. 99-6141
(D.C. No. 98-CV-330-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's dismissal of his federal civil rights claims arising out of his arrest and detention on murder charges that were subsequently dismissed. Plaintiff sued the State of Oklahoma, the arresting police officers, Vance Allen and Bill Weaver, and the former sheriff, J.D. Sharp, pursuant to 42 U.S.C. § 1983, alleging that he had been falsely arrested and imprisoned without probable cause and that he had been subjected to cruel and unusual punishment during his pretrial detention.

The State moved to dismiss plaintiff's claims on Eleventh Amendment immunity grounds, and plaintiff conceded that dismissal of the State was proper. That disposition is not before us on appeal. Sheriff Sharp moved to dismiss plaintiff's claims on the grounds that he had not been properly served, that plaintiff did not allege any personal participation by the sheriff, that the sheriff was entitled to qualified immunity, and that plaintiff's complaint was frivolous. Sheriff Sharp submitted various documents in support of his motion, including copies of the arrest warrant, the criminal information, and the court orders binding plaintiff over for trial following preliminary hearing. Detective Allen also filed a motion to dismiss, arguing that plaintiff's action was barred by the two-year statute of limitations. Detective Weaver filed an answer to the

complaint, but did not file a dispositive motion. The district court gave plaintiff notice of his duty to respond to the motions to dismiss. The court also advised plaintiff that he could not depend upon the allegations of his complaint to oppose a dispositive motion that is supported by matters outside the pleadings, but must respond with his own materials establishing the existence of a material issue of fact. Plaintiff responded to the motions to dismiss and attached copies of police investigation notes and pleadings from the state criminal proceedings to support his claims.

Thereafter, the magistrate judge issued a report recommending that Sheriff Sharp's motion to dismiss be denied to the extent it was based on improper service, but that plaintiff's action be dismissed. The magistrate judge concluded that plaintiff's claim for false arrest was barred by the statute of limitations, and that plaintiff had failed to allege personal participation by any defendant in any constitutional violation. The magistrate judge further concluded that, to the extent Sheriff Sharp's oversight of the county jail implicated him in plaintiff's claim for false imprisonment, he was entitled to summary judgment on qualified immunity grounds. The magistrate judge also concluded that, even if plaintiff could allege personal participation of Detectives Allen and Weaver in his claim for false imprisonment, plaintiff could not state a claim for relief against them. Finally, the magistrate judge concluded that plaintiff's claim for cruel and

unusual punishment was legally frivolous because the Eighth Amendment does not apply to pretrial detainees.

After plaintiff filed objections to the magistrate judge's report and recommendation, the district court conducted a de novo review. The district court then issued an order that adopted the report and recommendation of the magistrate judge and dismissed plaintiff's action with prejudice. [1] The district court rejected plaintiff's contention that the statute of limitations on his false arrest claim should have been tolled during the pendency of his incarceration, and concluded that the claim was untimely. The district court also concluded that plaintiff's claim for false imprisonment failed because it did not allege personal participation by any of the named defendants and because the undisputed evidence showed that plaintiff's detention was supported by probable cause. The court also determined that the existence of probable cause was fatal to any claim for malicious prosecution the court might liberally construe from plaintiff's objections to the magistrate judge's report. Finally, the court concluded that plaintiff's claim for cruel and unusual punishment failed to state a claim for relief

---

[1] Although Detective Weaver did not file a dispositive motion, the district court dismissed plaintiff's action as to all defendants. Plaintiff does not challenge the dismissal of his claims against Detective Weaver on the ground that the detective did not file a dispositive motion, so we need not consider that argument on appeal.

under the Fourteenth Amendment, which governs conditions of confinement for pretrial detainees.

At the outset, we must determine whether we have jurisdiction over this appeal. The district court entered judgment in favor of defendants on January 28, 1999. Plaintiff then had until March 1, 1999, to file his notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A), 26(a)(1), (3). The district court stamped plaintiff's notice of appeal as filed on March 22, 1999, well outside the appeal period. We directed the parties to file supplemental briefs addressing whether we have jurisdiction to hear this appeal. *See, e.g., Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 95 (1998) (discussing federal appellate court's duty to examine its own jurisdiction even when not challenged by parties). In his response, plaintiff presented evidence that he deposited his notice of appeal in the prison mail, properly addressed to the clerk of the district court, on February 22, 1999. Therefore, we conclude that plaintiff's notice of appeal was timely filed, and that we have jurisdiction over this appeal. *See* Fed. R. App. P. 4(c)(1) (providing that an inmate's notice of appeal is timely filed if deposited in the prison's internal mail system on or before the last day for filing).

We review the district court's disposition of plaintiff's claims de novo. *See Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999) (dismissal under either Fed. R. App. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B)(ii));

*Taylor v. Meacham*, 82 F.3d 1556, 1559 (10th Cir. 1996) (grant of summary judgment). To the extent the district court dismissed plaintiff's claims for failure to state a claim, we may uphold the dismissal only if we conclude that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). To the extent the district court granted summary judgment on plaintiff's claims, we may uphold the grant of summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Based upon our review of the record, the parties' appellate briefs, and the pertinent law, we conclude the district court did not err in dismissing plaintiff's action. Therefore, we AFFIRM the judgment of the district court for substantially the reasons stated in the magistrate judge's report and recommendation of December 17, 1998, and the district court's order of January 28, 1999. Plaintiff is reminded that he is obligated to continue making partial payments of his filing fee in this case until the fee is paid in full.

The mandate shall issue forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge